[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE
The plaintiff, New Haven Merchants Bank, has brought a foreclosure action against the defendants, Catherine and Anthony Pegnataro and Paul and Janet Fortin.
The following facts are alleged in the plaintiff's complaint, filed on October 11, 1988. The defendants signed a note which promised to pay to the plaintiff $330,000. to secure the note Catherine Pegnataro mortgaged property she owned. The note was not paid. The plaintiff seeks to foreclose the mortgage and a deficiency judgment against all the defendants.
The defendant, Janet Fortin, filed a revised answer, special defenses and cross claim, on August 23, 1989. The second special defense stated that Fortin is an accommodation maker and she seeks exoneration from the other defendants and for a related action brought by the plaintiff on the same debt. The third special defense alleges that the loan went to a corporation; that the assets of the corporation were security for the note; that because the plaintiff did not seek to go after these assets, the defendant is released because she is an accommodation party and the collateral was impaired.
The plaintiff filed a motion to strike Fortin's second and third special defenses and a memorandum in support on April 9, 1990. The defendant filed a memorandum in opposition on April 26, 1990. CT Page 572
"Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint . . . or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Connecticut Practice Book Section 152.
The plaintiff argued, in its memorandum in support, that the defendant is not an accommodation party to the corporation and that even if she is one, as such she is still primarily liable on the note. The plaintiff further argues that she cannot be an accommodation party because the corporation never signed the note.
The defendant argues, in her memorandum in opposition, that it would be equitable for the court to allow the defendant to be exonerated of the corporation's debt in this proceeding. The defendant also argues that she is an accommodation maker and as such, she is released because the plaintiff has impaired the collateral by not attempting to collect from the corporation first.
"An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it." Connecticut General Statutes section42a-3-415. "Accomodation [Accommodation] status, itself a form of guaranty, makes an accommodation party liable in the capacity in which he has signed." Bizzoco v. Chinitz,193 Conn. 304, 308 (1984). "An accommodation party may sign the paper in any capacity." Anderson Uniform Commercial Code, section 3-415:26 p. 357. "In order to determine the nature of the liability of an accommodation party, it is necessary to first determine the capacity in which he signed. The accommodation party is then liable to the holder according to the capacity in which he signed." Id. "An accommodation maker is liable as a maker to the holder of the paper. He is primarily liable for the payment of the note." Anderson Uniform Commercial Code, section 3-415:27, p. 357. "A person indorsing paper to induce a bank to discount the paper is an accommodation endorser. . . . An accommodation indorser is liable to the holder of the indorsed paper but he is liable only as an indorser and the fact of his accommodation character does not impose primary liability upon him." Anderson, section 3-415:28 p. 359. "In some instances, the accommodation character of a party will be definitely established by the appearance of the face or back of the paper. In other instances, it will depend on parol evidence as to the matters external to the paper." Anderson, section 3-415:30, p. 360. CT Page 573
The character of the defendant's accommodation status is important in determining whether the defendant is primarily liable or secondarily liable. Upon an examination of the note, the court is unable to determine in what capacity the defendant was signing as. It is a question of fact as to whether the defendant is even an accommodation party in the first place. See Anderson section 3-415:13 p. 350. These are factual questions about the status of the defendant which cannot be decided by a motion to strike. The plaintiff's motion to strike is denied.
THE COURT CURRAN, JUDGE